In re David Allen ZALENSKI, Debtor.

Anita M. ZALENSKI, Plaintiff,

v.

David Allen ZALENSKI, Defendant.

Bankruptcy No. 91–20813.
Adv. No. 91–2117.

United States Bankruptcy Court,
D. Maine.

April 5, 1993.

James F. Molleur, Woodman & Edmands, Biddeford, ME, for debtor.

Michael D. Seaton, Seaton & Lohr, Dover, NH, for plaintiff.

### *MEMORANDUM OF DECISION*

JAMES A. GOODMAN, Chief Judge.

Presently before the Court is a complaint filed by Plaintiff Anita M. Zalenski, a creditor and the former wife of the above-captioned Debtor/Defendant, objecting to the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5). This matter has been presented to the Court upon stipulated facts and memoranda of law.

The genesis for this complaint lies in a divorce judgment dated May 29, 1991 incorporating the parties' Marital Settlement Agreement (the "Agreement"). Both parties were represented by counsel through-

out the proceeding. Shortly thereafter, on August 1, 1991, Defendant filed a bankruptcy petition pursuant to 11 U.S.C. Chapter 7. Plaintiff brought this complaint seeking a determination that certain debts arising from the divorce judgment be deemed non-dischargeable pursuant to § 523(a)(5), which excepts from discharge any debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce decree ... or property settlement agreement, but not to the extent that—(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

■ Both parties agree that in determining whether or not a particular debt is in the nature of alimony, maintenance or support, the Court must use federal bankruptcy standards rather than state law guidelines. In particular, this Court adopts the position taken by both parties, as espoused in *In re Gianakas*, 917 F.2d 759 (3rd Cir.1990), that the intent of the parties at the time of the creation of the Agreement determines whether an obligation is actually in the nature of alimony, maintenance or support. The *Gianakas* court recommended examination of three factors in order to determine the parties' intent: 1) the language and substance of the agreement; 2) the parties' financial circumstances at the time of settlement;[1] and 3) the function served by the obligation at the time of the settlement.

At the time of the divorce proceeding, Plaintiff was employed as a kitchen aid earning approximately $4,800.00 per year, while Defendant was earning approximately $32,000.00 per year as a nuclear instructor. However, page 5 of the Agreement provides, "Alimony is awarded to neither of the parties. Each party herby (sic) waives

and relinquishes any right or claim to alimony or spousal support, except as otherwise provided for herein." Despite this general disclaimer, the following are the four obligations created by the Agreement over which the parties are debating: 1) payment of a lump sum of $5,000.00; 2) payment of $2,600.00, payable in weekly installments of $50.00 per week; 3) payments on a Chrysler LeBaron automobile; and 4) payment of outstanding marital debts.

*The Lump Sum and Installment Obligations*

■ The pertinent language concerning the first two obligations begins on page 2 of the Agreement, as follows:

*Real Property*

Husband and Wife acknowledge that they are the owners of certain real property which is the marital property of the parties ...

> The parties agree that said real estate shall be disposed of as follows:
>
> (1) Wife shall deed all of her right, title, and interest in the above-described marital residence located at 372 Ridlon Road in Berwick to Husband.
>
> (2) Husband shall enjoy exclusive possession of the marital residence and, shall be solely responsible for payment of any and all taxes, insurance and any mortgage payments due on the marital property.
>
> (3) Husband shall pay to Wife the sum of Five Thousand ($5,000.00) Dollars forty-five (45) days, from the date the Divorce Judgment becomes final. Furthermore, Husband shall pay to Wife the sum of Two Thousand Six Hundred ($2,600.00) Dollars in weekly installments of Fifty ($50.00) Dollars for a period of one year from the date of the Divorce Judgment....

---

1. Defendant urges this Court not to consider the current needs of the parties to the Agreement in characterizing the debt, and cites several cases in support of this proposition. This Court intends to examine the financial circumstances of the parties not as of today, but as of the time the settlement agreement was executed, as evidence of the purpose a particular obligation was intended to serve. The cases cited by Debtor are distinguishable from the present case by their focus on *current* needs, and thus are not applicable.

Both the $5,000.00 lump sum payment and a major portion of the original $2,600.00 installment debt remain unpaid.[2]

It is clear from the language and organization of the Agreement itself that these two obligations were intended to compensate Plaintiff for her share of the equity in the jointly owned residence.[3] Possession of the real estate was to be given to Defendant, who would pay his former wife in the form of one large lump sum payment plus smaller installment payments over a year, in order to compensate for her share of the equity she would be relinquishing. Plaintiff may very well have needed the money she was to receive to support herself. However, given the evidence before the Court, Plaintiff has not satisfied her burden of proving that the parties intended that money to be in the nature of alimony, maintenance or support. Therefore, both obligations are dischargeable for purposes of this decision.

### Payments on the Chrysler LeBaron

 The next section of the Agreement provided for Defendant to take exclusive possession of one car, a 1988 Ford Ranger, while Plaintiff would "receive the 1985 Chrysler LeBaron as her separate property; however, [Defendant] shall assume responsibility, and [Defendant] agrees to indemnify and hold [Plaintiff] harmless from the outstanding indebtedness thereon...." Agreement, at 4. As of Defendant's bankruptcy filing, $649.00 was owed to the current lienholder on the LeBaron, which Plaintiff has since paid.

Again, this Court finds that the Agreement evidences an intent by the parties to divide up their property, which apparently included two automobiles. Defendant's assumption of responsibility for the outstanding indebtedness on the LeBaron was presumably intended to compensate Plaintiff

for the difference in value of the vehicles. Plaintiff has put forth no evidence outside of the Agreement demonstrating an intention by the parties to treat this obligation as alimony, and thus it shall not be deemed non-dischargeable.

### Payment of Outstanding Marital Debts

 Finally, on page 6 of the Agreement under the title "Marital Debt," the parties agreed that the Defendant would "be solely responsible for said marital debts, and [would] hold [Plaintiff] harmless therefrom." Agreement, at 6. The parties have stipulated that two marital debts, one for Wentworth Douglas Hospital and one for Central Maine Power, remain outstanding in the total amount of $1,803.14. This Court finds that these debts were intended to be in the nature of alimony or support, in order to relieve Plaintiff from having to make payments thereon, given the wide disparity in the parties' income and financial circumstances at the time the Agreement was executed. Therefore, the $1,803.14 debt shall be deemed non-dischargeable pursuant to § 523(a)(5).

Accordingly, judgment shall be entered in favor of the Defendant as to the dischargeability of the $5,000.00 lump sum obligation, the balance of the $2,600.00 installment debt, as well as the obligation relating to the Chrysler LeBaron. Judgment shall be entered in favor of Plaintiff for the $1,803.14 obligation for outstanding marital debt, which amount shall be deemed non-dischargeable.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.

---

**2.** The parties in their stipulation of facts have maintained "Defendant has made six $50.00 payments, leaving a balance owed the Plaintiff of $2,000.00." Obviously, if only six $50.00 payments were made on the $2,600.00 obligation, the outstanding balance would be $2,300.00. Although this Court is unable to determine the correct balance, it is moot for purposes of this decision given this Court's determination that it is a dischargeable debt.

**3.** This Court is cognizant of the boilerplate clause in the latter part of the Agreement which indicates that "Captions utilized in this Agreement are for the convenience of the parties and shall not be deemed to impart any substantive meaning to the text," Agreement, p. 13 ¶ J, and has not taken the title "Real Property" to be a decisive factor on this issue.